**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEVEN PAUL MARKS,

Plaintiff,

vs.

PRISON HEALTH SERVICES, *et al.,*

Defendants.

3-08-cv-0028-BES-RAM

**ORDER**

This is a civil rights action, pursuant to 42 U.S.C. § 1983, brought *pro se* by Steven Paul Marks, a Nevada prisoner.

Plaintiff has filed an application to proceed *in forma pauperis* (docket #1). Based on the information about plaintiff's financial status in that application, the court will grant plaintiff leave to proceed *in forma pauperis,* and will not require him to pay an initial installment of the filing fee, pursuant to 28 U.S.C. §1915. The grant of *in forma pauperis* status only adjusts the amount of the $350 filing fee that plaintiff must *prepay* -- plaintiff will not be required to prepay any amount of it. The entire $350 filing fee will, however, remain due from plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the full filing fee when petitioner's institutional account has a sufficient balance, pursuant to 28 U.S.C. §1915. The entire $450 filing fee will remain due and payable, and will be collected from plaintiff's institutional account regardless of the outcome of this action.

Plaintiff's complaint (received January 14, 2008, with his application to proceed *in forma pauperis* ) will now be filed.

Pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp*., 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g*. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g*. fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff's complaint focuses on events that occurred while plaintiff was incarcerated at the Clark County Detention Center (CCDC) in February, March, and April of 2005. Plaintiff

alleges that he has physical limitations that make it difficult for him to climb stairs. Plaintiff alleges that he informed jail personnel of this, but he was, nonetheless, assigned an upper bunk on a second tier of the jail. Plaintiff alleges that, as a result, he fell and hit his head. Plaintiff alleges that after that fall, he was misdiagnosed as epileptic, and was given inappropriate medication. Plaintiff alleges that the medication caused him to fall on more occasions. Plaintiff alleges that as a result of the falls, he suffered "broken cheek, nose, and jawline fractures," as well as other injuries.

Plaintiff's complaint does not state a claim upon which relief could be granted. The complaint has shortcomings, both in terms of the claims stated and the defendants named.

Plaintiff names four defendants: Prison Health Services, Sheriff of Clark County, John Doe Deputy, and Clark County Detention Center Classification.

Plaintiff alleges that Prison Health Services (PHS) misdiagnosed him as epileptic, and misprescribed epilepsy medication to him. While Prison Health Services could be a proper defendant, plaintiff has not stated a claim under the Eighth Amendment, based on the medical care provided by PHS. "[D]eliberate indifference to a prisoner's serious illness or injury" is a violation of the Eighth Amendment prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). In order to prove deliberate indifference, a plaintiff must show that the defendant denied, delayed, or intentionally interfered with medical treatment, or that the manner in which the defendant provided medical care indicates deliberate indifference. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Mere negligence is not sufficient to prove deliberate indifference. *Id*. "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled in part on other grounds in WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Plaintiff has not made allegations that would rise to the level of deliberate indifference on the part of defendant PHS. Plaintiff has not alleged that PHS acted deliberately with respect to its alleged misdiagnoses of plaintiff or its alleged improper prescription of medication to him.

As for the sheriff in his individual capacity, plaintiff does not allege that the sheriff took part in any manner in the events that led to plaintiff's alleged injuries. The doctrine of *respondeat superior* does not apply in Section 1983 actions; a supervisor's liability arises only if he or she was personally involved in the alleged constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There is, therefore, no basis whatsoever for the sheriff to be held liable in this case in his individual capacity.

As for the sheriff in his official capacity, a claim against a local government official in his official capacity is essentially a claim against the local government entity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). To prevail on such a claim, the plaintiff must show that the government entity's policies, customs, or practices caused the constitutional violation. *Id.* at 166; see also *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). "A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident or unconstitutional action by a non-policymaking employee." *Nadell v. Las Vegas Metropolitan Police Department*, 268 F.3d 924, 929 (9th Cir. 2001), *quoting Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir.1989). There are no allegations in the complaint that would support liability on the part of the sheriff, in his official capacity, under *Monell.*

Clark County Detention Center Classification (CCDC Classification) is apparently a subdivision of the Clark County Sheriff's Department. There are no allegations to indicate that CCDC Classification is an entity subject to suit under section 1983.

If CCDC Classification is construed to be synonymous with Clark County, then, here again, under *Monell*, in order to hold the local governmental entity liable, plaintiff must make allegations to show that its policies, customs, or practices caused the constitutional violation. *See Monell*, 436 U.S. at 694. Plaintiff has not done so.

CCDC Classification may also be construed as an unknown classification officer at CCDC – a Doe defendant, like the last defendant named by plaintiff, defendant John Doe Deputy. However, this case cannot proceed solely against unknown defendants.

Because of the shortcomings described, plaintiff's complaint will be dismissed without prejudice. Plaintiff will be given an opportunity to amend his complaint to state viable claims, if plaintiff believes the facts allow as much.

**IT IS THEREFORE ORDERED** that plaintiff's Application to Proceed *in Forma Pauperis* (docket #1) is **GRANTED**. Plaintiff is not required to prepay any portion of the filing fee for this action. The entire $350 filing fee will remain due and payable, however, and will be collected from plaintiff's prison accounts as described below. Even if this action is dismissed, or is otherwise unsuccessful, the full filing fee of $350 shall remain due, pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, the Nevada Department of Corrections shall pay the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in months that the account exceeds $10.00), until the full $350 filing fee has been paid for this action. **The Clerk shall send a copy of this order to: Chief of Inmate Services, Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.**

**IT IS FURTHER ORDERED** that the Clerk shall separately **FILE AND DOCKET** plaintiff's complaint (currently attached to docket #1).

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**. Plaintiff shall have until and including **July 25, 2008,** to file a First Amended Complaint. If plaintiff does not file a First Amended Complaint within the time allowed, the Court may order this action dismissed and judgment entered against plaintiff.

///

///

///

///

///

**IT IS FURTHER ORDERED** that the Clerk shall **SEND** to plaintiff the form for a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. If plaintiff chooses to file a First Amended Complaint, he should write the words "First Amended" above the words "Civil Rights Complaint" in the caption of the form when drafting his First Amended Complaint.

DATED: May 20, 2008.

UNITED STATES MAGISTRATE JUDGE